ESTADO LIBRE ASOCIADO DE PUERTO RICO
EN EL TRIBUNAL DE APELACIONES
PANEL IV

| | | |
|---|---|---|
| DAVID ENRIQUE ROSA CARDONA POR SÍ Y COMO APODERADO DE SU HERMANA JENNIFER ROSA CARDONA<br><br>Peticionario<br><br>v.<br><br>LOURDES VENTURA DE CARDONA<br><br>Recurrida | **TA2025CE00355** | *CERTIORARI* procedente del Tribunal de Primera Instancia Sala Superior de Carolina<br><br>Civil Núm.: CA2020CV01144<br><br>Sobre: Partición de Herencia, Cobro de Dinero y Administración de Propiedades Arrendadas |

Panel integrado por su presidenta, la Jueza Ortiz Flores, el Juez Bonilla Ortiz y la Jueza Martínez Cordero.

Bonilla Ortiz, Juez Ponente

### RESOLUCIÓN

En San Juan, Puerto Rico a 19 de septiembre de 2025.

Comparece ante este foro el Sr. David E. Rosa Cardona (señor Rosa), por sí y como apoderado de su hermana la Sra. Jennifer Rosa Cardona (en conjunto, "los peticionarios") y nos solicitan que revisemos una *Resolución* emitida por el Tribunal de Primera Instancia, Sala Superior de Carolina, notificada el 30 de julio de 2025. Mediante el referido dictamen, el foro primario declaró *no ha lugar* a la solicitud de sentencia sumaria parcial presentada por los peticionarios.

Por los fundamentos que expondremos a continuación, **DENEGAMOS** la expedición del auto de *certiorari*.

### I.

El 28 de mayo de 2020, los peticionarios presentaron una *Demanda* sobre partición de herencia, cobro de dinero y administración de propiedades arrendadas contra la Sra. Lourdes Ventura de Cardona

señora Ventura o "la recurrida").[1] Posteriormente, el 19 de junio de 2020, presentaron una *Demanda Enmendada,* en la que desistieron de la causa de acción sobre liquidación de herencia.[2] Según surge de las alegaciones de la demanda, los peticionarios adquirieron el pleno dominio por donación de unos apartamentos ubicados en el Condominio Villa Cristóbal en el Municipio de Carolina. Alegaron que, realizaron gestiones encaminadas a conocer los ingresos y gastos de dichos apartamentos, sobre los cuales la recurrida tenía en su posesión. Por ello, solicitaron se obligara a la recurrida a que rindiera cuentas de la administración sobre los apartamentos y se le cobrara todos los réditos percibidos, luego de descontados los gastos incurridos por concepto de contribuciones sobre la propiedad y mantenimiento. Finalmente, solicitaron la imposición de gastos, costas y honorarios de abogado.

El 1 de diciembre de 2020, la señora Ventura presentó su *Contestación a la Demanda Enmendada y Reconvención Moción Informativa Sobre Envió de Primer Interrogatorio a cada demandante y Solicitud de que se Refiera el Caso al Centro de Mediación de Conflictos*.[3] En esencia, negó la mayoría de las alegaciones e informó que los peticionarios nunca le habían reclamado por la

---

[1] *Demanda*, entrada núm. 1 en el Sistema Unificado de Manejo y Administración de Casos (SUMAC). La *Demanda* fue presentada por el Sr. David E. Rosa Cardona, por sí y como apoderado de su madre la Sra. Lourdes del Rosario Cardona y de su hermana, la Sra. Jennifer Rosa Cardona. No obstante, el 22 de septiembre de 2023, la señora Lourdes del Rosario Cardona, presentó una *Moción sobre Desistimiento Voluntario con Perjuicio*. En esencia, presentó evidencia de la *Revocación de Poder Duradero* otorgado al señor Rosa, debido al desacuerdo con la *Demanda*. Véase, entrada núm. 174 en SUMAC. El 14 de noviembre de 2023, el foro primario notificó una Sentencia Parcial, en la cual acogió la solicitud de desistimiento. Véase, entrada núm. 182 en SUMAC.
[2] *Demanda Enmendada*, entrada núm. 5 en SUMAC.
[3] *Contestación a la Demanda Enmendada y Reconvención Moción Informativa Sobre Envió de Primer Interrogatorio a cada demandante y Solicitud de que se Refiera el Caso al Centro de Mediación de Conflictos*, entrada núm. 28 en SUMAC.

administración de los apartamentos. Además, que no tenían derecho al cobro de dinero con relación a los apartamentos, puesto que, era ella quien pagaba las hipotecas, facturas de luz, CRIM y seguros.

En cuanto a la *Reconvención*, señaló que, los peticionarios residen en una propiedad de los donantes en la Florida, sin pagarle renta o hipoteca. Que, sobre dicha propiedad, éstos nunca habían pagado contribuciones y esporádicamente realizaban los pagos del mantenimiento mensual. Por ello, solicitó les fuera asignada una renta de no menos de $1,300.00 al mes, además de los gastos de cuotas de mantenimiento y contribuciones sobre la propiedad. Finalmente, solicitó una indemnización de $25,000.00 por daños y perjuicios.

El 11 de diciembre de 2020, los peticionarios presentaron su *Contestación a Reconvención*.[4] Mediante esta, sostuvieron que conforme a nuestro ordenamiento jurídico, todo mandatario está obligado a rendir cuentas de sus operaciones. A su vez, que la señora Ventura se comprometió a enviar réditos del pago de apartamentos, el pago de contribuciones de la propiedad, mantenimiento y servicios. En cuanto a la solicitud de una renta, arguyeron que el foro primario carecía de autoridad y competencia para aplicar la Ley de Puerto Rico a la propiedad en Florida, EEUU.

Luego de varias incidencias procesales, el 15 de septiembre de 2021, la señora Ventura presentó una *Contestación a la Demanda Enmendada y Reconvención Enmendada*.[5] En esta, reiteró que los peticionarios no eran dueños en pleno dominio de los apartamentos, dado

---

[4] *Contestación a Reconvención*, entrada núm. 32 en SUMAC.
[5] *Contestación a la Demanda Enmendada y Reconvención Enmendada*, entrada núm. 85 en SUMAC.

que no hubo intención de realizar una donación, no realizaron la Planilla de Donación, por lo que, nunca fue inscrita en el Registro de la Propiedad. Mientras que, en la *Reconvención* señaló que el acuerdo verbal que tenían era una permuta sobre el uso y disfrute del apartamento en Florida por parte de los peticionarios, a cambio de que la recurrida tuviera el mismo derecho de valerse de los apartamentos. Reiteró, que nunca hubo un acuerdo sobre que tuviera que rendir cuentas de los apartamentos. Sin embargo, solicitó que, de igual forma, los peticionarios rindieran cuentas sobre la administración del apartamento en Florida. Además, solicitó se les cobrara los gastos que ha tenido que cubrir por concepto de contribuciones sobre la propiedad en Orlando y su mantenimiento.

El 26 de octubre de 2021, los peticionarios presentaron su *Réplica a Reconvención*.[6] En esencia, esbozaron que las escrituras de donación dan fe del negocio jurídico. A su vez, reiteraron las alegaciones previamente discutidas. Sin embargo, como parte de sus defensas afirmativas, plantearon falta de parte indispensable, dado que, la propiedad ubicada en Florida, EE. UU., debía incluir a la sucesión del Sr. Arturo J. Cardona, y al no haber sido partes no se podía brindar un remedio.

Luego de innumerables incidencias procesales, el 21 de julio de 2023, los peticionarios presentaron una *Solicitud de Sentencia Sumaria Parcial*.[7] En esencia, solicitaron fuera declarada con lugar la demanda, en cuanto a la titularidad del dominio de los condominios

---

[6] *Réplica a Reconvención*, entrada núm. 94 en SUMAC.
[7] *Solicitud de Sentencia Sumaria Parcial*, entrada núm. 164 en SUMAC.

en controversia; se obligara a la recurrida a rendir cuentas; desahucie las propiedades y se le impusiera $10,000.00 por honorarios de abogado por temeridad.

En respuesta, el 27 de noviembre de 2023, la señora Ventura presentó su *Oposicion a Moción de Sentencia Sumaria Parcial*.[8] En esta, planteó que de las escrituras de donación surgía que éstas eran onerosas y condicionadas. No obstante, sostuvo que los peticionarios nunca cumplieron con el pago hipotecario, ni con lo obligado en dichas escrituras, por lo que, no cumplieron con la condición de lo donado. Asimismo, reiteró que había controversia sobre la titularidad y dominio de los condominios; si la recurrida debió rendir cuentas o entregar la administración de dichas propiedades. Por ello, solicitó se denegara la solicitud de sentencia sumaria, y se continuara con los procedimientos.

El 8 de enero de 2024, los peticionarios presentaron una *Réplica a Oposición a Sentencia Sumaria*.[9]

El 9 de enero de 2024, la recurrida presentó una *Dúplica a la Réplica a Oposicion a Sentencia Sumaria*.[10]

Evaluadas las mociones, el 9 de mayo de 2024, el foro primario emitió una *Resolución*, mediante la cual declaró *no ha lugar* a la solicitud de sentencia sumaria de los peticionarios.[11] Asimismo, determinó los siguientes hechos esenciales y pertinente como incontrovertidos:

> 1. El 13 de diciembre de 2011 José Enrique Cardona Llamas y la codemandada Lourdes

---

[8] *Oposicion a Moción de Sentencia Sumaria Parcial*, entrada núm. 187 en SUMAC.
[9] *Réplica a Oposición a Sentencia Sumaria*, entrada núm. 195 en SUMAC.
[10] *Dúplica a la Réplica a Oposicion a Sentencia Sumaria*, entrada núm. 196 en SUMAC.
[11] *Resolución*, entrada núm. 199 en SUMAC.

Ventura de Cardona otorgaron ante el notario Héctor Cora Santiago la escritura 70 sobre donación en la cual donaron al codemandante David Enrique Rosa Cardona el inmueble que se describe a continuación:

"APARTAMENTO RESIDENCIAL NUMERO 8-D, URBANA: Apartamento Residencial número 8-D, de forma irregular, radicado en el ala Sur, del octavo piso del condominio Villa Cristóbal en la Calle Violeta esquina Begonia, en el Sector de Isla Verde, Carolina, Puerto Rico, con área privada de 106.09 metros cuadrados, siendo sus medidas lineales de 10 metros y 77 centímetros de frente, por 9 metros y 66 centímetros de fondo, con un balcón de 4 metros y 93 centímetros de frente por 3 metros de fondo, el cual contiene sala-comedor, tres cuartos dormitorios con sus respectivos closets, dos cuartos de baños, dos closets adicionales, cocina equipada con gabinetes de pared y piso marca Orbit, estufa General Electric, fregadero terminado en aluminio anodizado, triturador de desperdicios, calentador de agua de 30 galones, y un extractor de aire. En lindes por el Norte, con pared que da al vestíbulo central y a los ascensores del piso; por el Sur con la pared exterior que da al área de estacionamiento que lo separa de un solar de dona Aurora Saldaña; por el Este con la pared exterior que da al área de estacionamiento que lo separa de la calle Violeta; y por el Oeste con la pared exterior que da al área de estacionamiento que lo separa de la calle A. Tiene este apartamento acceso de entrada y salida al vestíbulo central del octavo piso del edificio que a su vez comunica o conecta el apartamento con los ascensores y la escalera, por donde tiene acceso de entrada y salida a la vía pública. ---Corresponde a este apartamento una participación en un condominio indiviso con los demás titulares en los elementos comunes del inmueble, equivalente a 3.02%. ---Inscrito al folio 43 del tomo 421, de la sección primera de Carolina, finca 16,127." Véase el Anejo 1 a la solicitud de sentencia sumaria (entrada 164 en SUMAC).

2. El apartamento 8-D estaba gravado con una hipoteca en garantía de un pagaré en favor de R-G Mortgage por $101,250 a una tasa de interés anual de 8⅜ % y vencedero el 1 de abril de 2026. Véase el Anejo 1 a la solicitud de sentencia sumaria (entrada 164 en SUMAC).

3. El codemandante David Enrique Rosa Cardona aceptó la donación del inmueble en la misma escritura número 70 y asumió "toda carga, gravámenes y/o contribución sobre el descrito inmueble…" Véase el Anejo 1 a la solicitud de sentencia sumaria (entrada 164 en SUMAC).

4. El 13 de diciembre de 2011 José Enrique Cardona Llamas y la codemandada Lourdes

Ventura de Cardona otorgaron ante el notario Héctor Cora Santiago la escritura 73 sobre donación en la cual donaron a la codemandante Jennifer Rosa Cardona el inmueble que se describe a continuación:

APARTAMENTO RESIDENCIAL NUMERO 2-B, URBANA: Apartamento Residencial número 2-B, de forma irregular, radicado en el ala Norte, del segundo piso del condominio Villa Cristóbal en la Calle Violeta esquina Begonia, en el Sector de Isla Verde, Carolina, Puerto Rico, con área privada de 105.84 metros cuadrados, siendo sus medidas lineales de 10 metros y 77 centímetros de frente, por 9 metros y 66 centímetros de fondo, con un balcón de 4 metros y 78 centímetros de frente por 2.72 metros de fondo, el cual contiene sala-comedor, tres cuartos dormitorios con sus respectivos closets, dos cuartos de baños, dos closets adicionales, cocina equipada con gabinetes de pared y piso marca Orbit. En Lindes por el Norte, con pared exterior que da hacia la calle Begonia; por el Sur con pared que da al vestíbulo central y a los ascensores del piso; por el Este con la pared exterior que da al área de estacionamiento que lo separa de la calle Violeta; y por el Oeste con la pared exterior que da al área de estacionamiento que lo separa de la calle A. Tiene este apartamento acceso de entrada y salida al vestíbulo central del segundo piso del edificio que a su vez comunica o conecta el apartamento con los ascensores y la escalera que da al segundo piso del edificio, por donde tiene acceso de entrada y salida a la vía pública. ---Corresponde a este apartamento una participación en un condominio indiviso con los demás titulares en los elementos comunes del inmueble, equivalente a 2.90%. ---Inscrito al folio 197 del tomo 426, de la sección primera de Carolina, finca 16,315. Véase el Anejo 3 a la solicitud de sentencia sumaria (entrada 164 en SUMAC).

5. El apartamento 3-B estaba gravado con una hipoteca en garantía de un pagaré en favor de R-G Premier Bank por $101,250 a una tasa de interés anual de 8.5% y vencedero el 1 de mayo de 2026. Véase el Anejo 3 a la solicitud de sentencia sumaria (entrada 164 en SUMAC).

6. La codemandante Jennifer Rosa Cardona aceptó la donación del inmueble en la misma escritura número 73 y asumió "toda carga, gravámenes y/o contribución sobre el descrito inmueble…" Véase el Anejo 3 a la solicitud de sentencia sumaria (entrada 164 en SUMAC).

7. La demandada reside en la calle 1 J-5 de la urbanización Estancias de San Fernando del Municipio Autónomo de Carolina con el código postal 00985.

8. Los demandantes residen el apartamento 8-B sito en 1609 W. Oak Ridge, Orlando, FL 32809-3938.

9. Lourdes Ventura de Cardona administra los inmuebles descritos en los acápites anteriores.

10. El 22 de abril de 2019 el codemandante David Enrique Rosa Cardona envió una carta a la demandada Lourdes Ventura de Cardona por correo certificado con acuse de recibo solicitándole, entre otras cosas, la entrega de los frutos obtenidos por ella del arrendamiento de los inmuebles descritos.

Finalmente, concluyó que aún existían hechos esenciales y pertinentes en controversia, entre ellos: si hubo incumplimiento de los términos onerosos de los contratos de donación; la titularidad del apartamento en Florida, EE. UU.; si hubo acuerdos sobre la administración de los apartamentos, entre otros. Por ello, ordenó continuar los procedimientos relacionados a la demanda.

Posteriormente, el 20 de junio de 2024, los peticionarios presentaron una *Solicitud de Desestimación al amparo de la Regla 10.2(5)*.[12] En síntesis, solicitaron la desestimación de la causa de acción por daños presentada en la reconvención de la recurrida, ante la inexistencia de dicha causa.

El 9 de julio de 2024, la señora Ventura presentó su oposición a la desestimación.[13] Mediante la cual, sostuvo que tenía un reclamo válido sobre incumplimiento, enriquecimiento injusto e imposición de temeridad y frivolidad.

---

[12] *Solicitud de Desestimación al amparo de la Regla 10.2(5)*, entrada núm. 201 en SUMAC.
[13] *Oposición a Solicitud de Desestimación al Amparo de la Regla 10.2(5)*, entrada núm. 211 en SUMAC.

El 10 de julio de 2024, el foro primario notificó una *Sentencia Parcial*, en la que desestimó con perjuicio la causa de acción por presuntos daños y perjuicios sufridos como resultado de la demanda en la reconvención de la recurrida.[14]

Posteriormente, el 29 de agosto de 2024, los peticionarios presentaron una *Moción Solicitando Eliminación de Alegaciones de la Reconvención*.[15] En síntesis, manifestaron que la recurrida no cumplió con órdenes del foro primario a descubrir prueba, por lo que, se debían eliminar sus alegaciones.

En la misma fecha, la señora Ventura presentó su *Oposición a Moción Solicitando Eliminación de Alegaciones de la Reconvención*.[16] En esencia, indicó que proveyó la información y documentación necesaria, por lo que, cumplió con todo lo ordenado. Finalmente, solicitó una orden protectora para evitar hostigamiento, perturbación, molestias y gastos indebidos.

Evaluadas las mociones, el 30 de agosto de 2024, el foro primario emitió una *Resolución*, en la cual expresó lo siguiente:[17]

> El tribunal declara no ha lugar la solicitud que presentó la demandante el 29 de agosto de 2024 para eliminar las alegaciones de la reconvención ante la consideración del tribunal.
>
> Se advierte a la demandada que el tribunal no permitirá que presente prueba para establecer sus alegaciones en la reconvención que no haya sido descubierta. […].

---

[14] *Sentencia Parcial,* entrada núm. 212
[15] *Moción Solicitando Eliminación de Alegaciones de la Reconvención*, entrada núm. 237 en SUMAC.
[16] *Oposición a Moción Solicitando Eliminación de Alegaciones de la Reconvención*, entrada núm. 238 en SUMAC.
[17] *Resolución*, entrada núm. 240 en SUMAC.

Luego de varios trámites procesales, el 19 de junio de 2025, los peticionarios presentaron una *Solicitud de Sentencia Sumaria Parcial en Solicitud de Desestimación de Reconvención*.[18] En esencia, alegaron que procedía la sentencia sumaria parcial, puesto que, "no quedaría asuntos en controversia con relación a la reconvención más allá de determinar el beneficio de la demandada con relación a las propiedades sobre las cuales no tiene derecho dominical y cuyo disfrute ilícito realiza actualmente." Por ello, solicitaron lo siguiente:

> [s]e solicita se dicte sentencia sumaria para que se declare sin lugar la reconvención dado a que la parte demandante es titular del dominio de las propiedades aquí identificadas y no se ha beneficiado de la posesión de éstas y la demandada se he negado e impedido la entrega de la posesión, sus frutos y goce. La demandada está impedida de hacer alegación alguna sobre pago de lo que sea sobre las propiedades cuando se niega a que los demandantes gocen de su propiedad obstinándose en su posesión ilícita. Se solicita la aplicación de espoliación aplicando las presunciones evidenciarias que le imputan obtención en su consecuencia conocimiento a la demandada de la carta enviada por el Lcdo. Eufemio Martinez a favor de la demandante y además, la demandada se opuso frontalmente a entregar la evidencia solicitada mediante descubrimiento y sobre la cual existe una orden al respecto.

Por su parte, el 9 de julio de 2025, la señora Ventura presentó su *Oposición a Solicitud de Sentencia Sumaria Parcial en Solicitud de Desestimación de Reconvención*.[19] De entrada, alegó que los peticionarios incumplieron con la Regla 36.1 de Procedimiento Civil. De otra parte, puntualizó que aun existían interrogantes sobre la titularidad y dominio de los apartamentos en

---

[18] *Solicitud de Sentencia Sumaria Parcial en Solicitud de Desestimación de Reconvención*, entrada núm. 282 en SUMAC.
[19] *Oposición a Solicitud de Sentencia Sumaria Parcial en Solicitud de Desestimación de Reconvención*, entrada núm. 284 en SUMAC.

controversia, así como, si cumplieron con los términos onerosos de los contratos de donación, y si debía entregar la administración de los apartamentos ante el alegado incumplimiento de rendir cuentas. Finalmente, sostuvo que las alegaciones y evidencia documental demostraron que no procede la sentencia sumaria parcial, ni la desestimación de la reconvención.

En vista de lo anterior, el 30 de julio de 2025, el foro primario emitió la *Resolución* recurrida.[20] En la que declaró *no ha lugar* a la solicitud de sentencia sumaria parcial presentada por los peticionarios, en consecuencia, ordenó la continuación de los procedimientos relacionados con la *Demanda*. Asimismo, formuló las siguientes determinaciones de hechos incontrovertidos:

> 1. La demandada Lourdes Ventura de Cardona reside en la Calle 1 J-5 de la Urbanización Estancias de San Fernando en el Municipio Autónomo de Carolina con el código postal 00985.
>
> 2. El 22 de abril de 2019 los demandantes enviaron a la demandada una carta por correo certificado con acuse de recibo en la cual le solicitaron: (a) que se comunicara con el Lcdo. Eufemio Martínez Cintrón (abogado de los demandantes) para dialogar sobre la liquidación de la herencia de José E. Cardona Llamas; (b) que les informara las gestiones que realizó ante el Departamento de Hacienda relacionadas con los relevos de las donaciones; y (c) que les entregara las rentas que obtuvo del arrendamiento de los inmuebles donados. La demandada recibió dicha carta el 14 de mayo de 2019.

De igual forma, expuso como hechos en controversia los siguientes:

> 1. Determinar si los demandantes y la demandada incumplieron los términos onerosos de los contratos de donación otorgados con la demandada;

---

[20] *Resolución*, entrada núm. 292 en SUMAC.

2. Determinar si las partes tienen derecho a reclamar las contraprestaciones pactadas por la otra parte;

3. Determinar la titularidad del apartamento donde residen los demandantes en Orlando, Florida, EEUU;

4. Determinar si existe entre las partes un acuerdo para la administración de los inmuebles en Puerto Rico y el uso y disfrute del apartamento en los EEUU;

5. Determinar si la explotación de los inmuebles produjo ganancias y pérdidas;

6. Determinar si la demandada tenía la obligación de entregar los réditos de la explotación a los demandantes;

7. Determinar si la demandada sufrió daños como consecuencia de los actos de los demandantes y el valor de éstos.

Inconformes, el 27 de agosto de 2025, los peticionarios instaron el presente recurso de *certiorari* y señalaron los siguientes errores:

ERRÓ EL TPI Y ABUSÓ DE SU DISCRECIÓN AL NO DETERMINAR QUE LA RECURRIDA ESTÁ INCUMPLIENDO CON LA ESCRITURA DE DONACIÓN AL PRIVAR A LOS PETICIONARIOS DEL DISFRUTE DE LA PROPIEDAD CUYA TITULARIDAD LE PERTENECE.

ERRÓ EL TRIBUNAL AL DETERMINAR QUE ES NECESARIO DETERMINAR LA CREDIBILIDAD DEL DEMANDANTE SOBRE LOS HECHOS 6 Y 7 DE LA SOLICITUD DE SENTENCIA SUMARIA CUANDO LA DEMANDADA NO REFUTÓ LOS HECHOS 6 Y 7.

ERRÓ EL TPI AL DETERMINAR QUE LOS HECHOS 8, 15 Y 16 DE LA SOLICITUD DE SENTENCIA SUMARIA SON IMPERTINENTES.

ERRÓ EL TPI AL NO CONSIDERAR LOS HECHOS 11, 12, 13, Y 14 A PESAR QUE LA REFERENCIA DE LOS MISMOS SURGE DEL PROPIO CASO ANTE LA CONSIDERACIÓN DEL TRIBUNAL Y SE CITÓ LA ENTRADA DE SUMAC QUE ES LA 154.

ERRÓ EL TPI AL NO CONSIDERAR SU PROPIA SENTENCIA PARCIAL BAJO LA ENTRADA 212 AL DETERMINAR QUE ES NECESARIO EXAMINAR SI LA DEMANDADA SUFRIÓ DAÑOS Y NO APLICAR LA DOCTRINA DE COSAS JUZGADA.

ERRÓ EL TPI AL HACER ENTENDER QUE SE DEBE DETERMINAR LA TITULARIDAD DEL APARTAMENTO DE ORLANDO Y SI EXISTE ADMINSTARCIÓN DE

INMUEBLES EN PUERTO RICO Y EL USO Y DISFRUTE EN EEUU.

ERRÓ EL TPI AL HACER ENTENDER QUE SE DEBE DETERMINAR LAS CONTROVERSIAS 1, 2 Y 5 CONFORME SURGE DE LA PÁGINA 2 DE LA ENTRADA 292 CUANDO LA SOLICITUD SOBRE DICHAS DETRMINACIONES APLICA EL CONTRATO INCUMPLIDO YA QUE LA DEMANDADA NO ENTREGÓ LA POSESIÓN DE LAS PROPIEDADES QUE PERTENECEN A LOS DEMANDANTES.

ERRÓ EL TPI AL NO APLICAR LA LEY NOTARIAL EN CUANTO A LAS CLÁUSULAS CONTRACTUALES DE LAS ESCRITURAS DE DONACIÓN.

El 29 de agosto de 2025, emitimos una *Resolución* en la cual le concedimos a la parte recurrida el término de quince (15) días para que se expresara sobre los méritos del recurso de epígrafe.

El 8 de septiembre de 2025, la señora Ventura presentó una *Moción Bajo Regla 37 en Oposición a la Expedición del auto de certiorari*. En esencia, alegó que el recurso se trata de un asunto que ya fue adjudicado. Sostuvo que, el foro primario en múltiples ocasiones consideró y resolvió todas las solicitudes de los peticionarios sobre eliminar alegaciones de la reconvención. A su vez, que en cada una, el foro *a quo* dispuso que existían controversias sustanciales de hechos materiales, que impedían la procedencia de una sentencia sumaria.

Con el beneficio de la comparecencia de ambas partes, procedemos a resolver.

**II.**

**-A-**

El *certiorari* es el recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar, a su discreción, una decisión de un tribunal inferior. *Rivera Gómez y otros v. Arcos Dorados Puerto Rico, Inc. y otros*, 212 DPR 194 (2023); *Torres González v. Zaragoza*

*Meléndez,* 211 DPR 821 (2023); *800 Ponce de León Corp. v. AIG,* 205 DPR 163, 174 (2020). En particular, es un recurso mediante el cual se solicita la corrección de un error cometido por un foro inferior. *Torres González v. Zaragoza Meléndez*, supra. Así pues, la determinación de expedir o denegar un recurso de *certiorari* está enmarcada en la discreción judicial. *800 Ponce de León Corp. v. AIG*, supra. No obstante, la discreción judicial para expedir o no el *certiorari* solicitado no ocurre en un vacío ni en ausencia de unos parámetros. *Torres González v. Zaragoza Meléndez*, supra.

A esos efectos, la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R.52.1, limita la autoridad de este Tribunal para revisar las órdenes y resoluciones interlocutorias que dictan los tribunales de instancia por medio del recurso discrecional del *certiorari*. *Scotiabank of PR v. ZAF Corp.,* 202 DPR 478, 486-487 (2019). En lo pertinente, la precitada disposición reglamentaria, dispone que:

> […]
> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia, al denegar la expedición de un recurso de *certiorari* en

estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.
[…]

Si ninguno de esos elementos está presente en la petición ante la consideración del Tribunal, procede abstenerse de expedir el auto, de manera que se continúen los procedimientos del caso, sin mayor dilación, ante el Tribunal de Primera Instancia. *García v. Asociación,* 165 DPR 311, 322 (2005); *Meléndez Vega v. Caribbean Intl. News,* 151 DPR 649, 664 (2000).

Con el fin de que podamos ejercer de una manera sensata nuestra facultad discrecional de entender o no en los méritos de los asuntos que son planteados mediante el recurso, la Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA,* 2025 TSPR 42, señala los criterios que debemos considerar al atender una solicitud de expedición de un auto de *certiorari*. *Torres González v. Zaragoza Meléndez,* supra. En lo pertinente, la precitada disposición reglamentaria dispone lo siguiente:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari*, o de una orden de mostrar causa:
>
> A. Si el remedio y la disposición de la decisión recurrida a diferencia de sus fundamentos son contrarios a derecho.
>
> B. Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Nótese que, distinto al recurso de apelación, el auto de *certiorari*, por ser un recurso discrecional, debemos utilizarlo con cautela y por razones de peso. *Pueblo v. Díaz de León*, supra, pág. 918.

Ahora bien, el Tribunal Supremo de Puerto Rico ha reiterado que la discreción significa poder para decidir en una u otra forma, esto es, para escoger entre uno o varios cursos de acción. *Pueblo v. Rivera Santiago*, 176 DPR 559, 580 (2009); *García v. Padró*, 165 DPR 324, 334 (2005). El adecuado ejercicio de la discreción judicial está "inexorable e indefectiblemente atado al concepto de la razonabilidad." *Pueblo v. Ortega Santiago*, 125 DPR 203, 211 (1990). Así pues, un tribunal apelativo no intervendrá con las determinaciones discrecionales de un tribunal sentenciador, a no ser que las decisiones emitidas por este último sean arbitrarias o en abuso de su discreción. *Pueblo v. Rivera Santiago*, supra, pág. 581; *SLG Flores, Jiménez v. Colberg*, 173 DPR 843 (2008).

–B–

El principio rector de las Reglas de Procedimiento Civil es proveerles a las partes envueltas en un pleito legal, una solución justa, rápida y económica en todo procedimiento. Regla 1 de Procedimiento Civil, 32 LPRA Ap. V, R.1. El mecanismo de sentencia sumaria provisto en la Regla 36 de Procedimiento Civil, 32 LPRA Ap. V,

R.36, hace viable este objetivo en aquellos casos en que surja de forma clara que no existen controversias materiales de hechos que requieren ventilarse en un juicio plenario y el derecho así lo permita.

Nuestro Tribunal Supremo en *Verá v. Dr. Bravo*, 161 DPR 308, 334-335 (2004) expresó que este Foro Apelativo utilizará los mismos criterios que el Tribunal de Primera Instancia al determinar si procede una sentencia sumaria. Sin embargo, el Tribunal Supremo de Puerto Rico especificó que, al revisar la determinación de primera instancia sólo podemos considerar los documentos que se presentaron ante el el foro de instancia. *Íd*. Lo anterior, debido a que "las partes no pueden añadir en apelación *exhibits*, deposiciones o affidávits que no fueron presentadas oportunamente en el foro de primera instancia, ni pueden esbozar teorías nuevas o esgrimir asuntos nuevos por primera vez ante el foro apelativo." *Íd*. Además, sólo podemos determinar si existe o no alguna controversia genuina de hechos materiales y esenciales, y si el derecho se aplicó de forma correcta. *Íd*. Es decir, no podemos adjudicar los hechos materiales y esenciales en disputa, ya que esta tarea le corresponde al Tribunal de Primera Instancia. *Íd*.

Por otro lado, en *Meléndez González et al. v. M. Cuebas*, 193 DPR 100, 118 (2015), nuestro Tribunal Supremo estableció que al revisar una determinación del foro primario en la que se concedió o denegó una moción de sentencia sumaria debemos: (1) examinar *de novo* el expediente; (2) revisar que la moción de sentencia sumaria y su oposición cumplan con los requisitos de forma codificados en la Regla 36 de Procedimiento Civil, *supra*, y con los discutidos en *SLG Zapata-Rivera v. J.*

*Montalvo,* 189 DPR 414 (2013); (3) en el caso de una revisión de una sentencia dictada sumariamente, debemos revisar si en realidad existen hechos materiales en controversia, y de haberlos, exponer concretamente cuáles están en controversia y cuáles no; y (4) de encontrar que los hechos materiales no están en controversia, debemos revisar *de novo* si el Tribunal de Primera Instancia aplicó correctamente el derecho. Véase, además: *Rivera Matos, et al. v. Triple-S et al.,* 204 DPR 1010, 1025 (2020).

### III.

Es preciso comenzar por destacar que la *Resolución* recurrida, a pesar de ser un dictamen interlocutorio, es susceptible de revisión por parte de este foro, en virtud de la Regla 52.1 de Procedimiento Civil, *supra*.

En el caso de autos, los peticionarios nos solicitan que revoquemos la *Resolución* emitida por el foro primario el 30 de julio de 2025, mediante la cual en el ejercicio de su discreción, determinó que existían controversias de hechos materiales que impedían se dictara sentencia sumaria.

Luego de evaluar el expediente ante nuestra consideración, en particular con respecto a los hechos en controversia determinados por el foro primario, no encontramos que la decisión de no desestimar la reconvención instada por la recurrida resultase irrazonable, puesto que, las controversias de hechos esenciales y pertinente expuestas, surgen de las mociones presentadas.

Por consiguiente, concluimos que no se han producido las circunstancias que exigen nuestra intervención en esta etapa de los procedimientos. A su

vez, los peticionarios no demostraron que el foro recurrido haya abusado de su discreción o que mediera pasión, prejuicio, parcialidad o error al emitir la determinación impugnada. Por ello, al no contemplar tales escenarios en el recurso de epígrafe, de acuerdo con los parámetros establecidos en la Regla 40 del Reglamento de este Tribunal, *supra*, procedemos a denegar el recurso de epígrafe.

## IV.

Por los fundamentos antes expuestos, **DENEGAMOS** el recurso de epígrafe.

Lo pronunció y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones